UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Heather Snyder, individually and on behalf of all others similarly situated;<br><br>       Plaintiff,<br><br> -v.-<br><br>Enhanced Recovery Company, LLC, d/b/a ERC,<br><br>       Defendant(s). | Civil Action No: 7:21-cv-7417<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Heather Snyder (hereinafter referred to as "Plaintiff") brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant Enhanced Recovery Company, LLC, doing business as "ERC", (hereinafter referred to as "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective

1

collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.     Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "[e]nsure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.     The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.     Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.     Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.     Plaintiff is a resident of the State of New York, County of Rockland.

8. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) with an address for service of process at Corporation Service Company, 80 State St., Albany, NY 12207.

9. Upon information and belief, Defendant uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

    a. all individuals with addresses in New York;

    b. to whom Defendant sent a collection letter;

    c. on behalf of the creditor, TD Bank USA, N.A./Nordstrom, Inc.;

    d. that had a total amount of interest accrued since charge-off that was greater than zero;

    e. that failed to include notice that the debt was subject to further accrual of interest;

    f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate

families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. § l692e and § l692g.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § l692e and § l692g.

    c.  **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d.  **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e.  **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

**FACTUAL ALLEGATIONS**

19. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

20. Some time prior to July 29, 2021, an obligation was allegedly incurred to the creditor, TD Bank USA, N.A./Nordstrom, Inc.

21. Upon information and belief, TD Bank USA, N.A./Nordstrom, Inc. contracted Defendant to act as their agent in collecting the subject debt from Plaintiff.

22. The subject debt arose out of a credit card debt. The subject debt was incurred by Plaintiff solely for personal, household or family purposes, specifically purchases from Nordstrom, Inc. and/or its affiliated stores.

23. The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a (3).

24. The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a (5).

25. Defendant was contracted for the purpose of collecting the subject debt on behalf of the creditor. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a (6).

*Violations – July 29, 2021 Collection Letter*

26. On or about July 29, 2021, Defendant sent the Plaintiff a collection letter regarding the alleged debt owed to TD Bank USA, N.A./Nordstrom, Inc. (See "Letter" attached as Exhibit A.)

27. Towards the top of the letter, it states in relevant part (Exhibit A):

> Balance due as of 07/28/21: $11,926.73
> Total amount as of charge-off: $12,023.99
> Total amount of interest accrued since charge-off: $352.74
> Total amount of payments made on the debt since charge-off: $450.00

28. The Letter further advises that: "This is to inform you that upon receipt and successful clearance of your payment(s) totaling $11,926.73, the above referenced amount will be paid in full.

29. Under the title, "Payment Summary," the Letter states: "No payment arrangement currently on file."

30. Defendant failed to accurately inform Plaintiff that the amount of the debt stated in the Letter will increase over time, thus misstating the total amount and character of debt owed.

31. Defendant did not offer Plaintiff a settlement offer and confirmed there was "no payment arrangement currently on file."

32. Defendant failed to clearly state that the holder of the debt will accept payment in the amount set forth in full satisfaction of the debt if payment is made by a specified date.

33. Plaintiff was therefore confused about whether her debt was still accruing interest.

34. Based on "total amount of interest accrued since charge-off of $352.74" it seemed that Plaintiff's debt was subject to post-charge off interest.

35. But as Defendant did not provide a specific date by which to pay in full and stated "upon receipt and successful clearance of your payment" the "amount will be paid in full" it seemed that Plaintiff's debt was no longer subject to post-charge off interest and would remain static.

36. As Defendant did not state that interest will continue to accrue, Plaintiff was confused about whether the total debt stated in the Letter was subject to accrual of interest as of the time of the Letter.

37. Plaintiff was not sure if she paid $11,926.73 if it would satisfy her debt obligation or if there would still be outstanding interest fees.

38. As a result, Plaintiff incurred an informational injury as Defendant misstated the balance due by failing to include the fact that interest would continue to accrue from the date of the Letter and forward.

39. Defendant misstates the current balance on the account and the Letter is open to more than one reasonable interpretation, at least one of which is inaccurate.

40. One consumer may reasonably understand that if she pays the stated "current balance" at a later date she will satisfy her debt in full.

41. Another consumer may reasonably understand that paying the stated amount at a later date would not in fact satisfy her debt in full.

42. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

43. As it relates to this case, Congress identified a concrete and particularized harm with a close common-law analogue to the traditional tort of fraud.

44. Now, consumers have a right to receive proper notice of the amount of debt due and whether their debts are subject to interest. When a debt collector fails to effectively inform the consumer of the amount of debt due, in violation of statutory law, the debt collector has harmed the consumer.

45. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

46. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

47. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff did not know whether her debt was currently subject to the accrual of interest.

48. Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

49. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

50. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

51. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

52. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

53. Defendant violated §1692e:

   a. As the letter falsely represents the true amount of the debt in violation of §1692e(2); and

   b. As the letter falsely represents the character and legal status of the debt in violation of §1692e(2)(A); and

   c. By making a false and misleading representation in violation of §1692e(10).

54. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g et seq.

55. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

56. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

57. Pursuant to 15 U.S.C. §1692g(a), a debt collector must provide notice of a debt, including the amount of the debt.

58. Defendant violated §1692g(a):

   a. As the letter falsely represents the true amount and identity of the debt in violation of §1692g(a)(1)

59. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### DEMAND FOR TRIAL BY JURY

60. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Heather Snyder, individually and on behalf of all others similarly situated, demands judgment from Defendant Enhanced Recovery Company, LLC, d/b/a ERC as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Tamir Saland, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: September 3, 2021                                        Respectfully Submitted,

                                                                **STEIN SAKS, PLLC**

                                                                 /s/ **Tamir Saland**
                                                                Tamir Saland, Esq.
                                                                One University Plaza, Ste. 620
                                                                Hackensack, NJ 07601
                                                                Ph:  201-282-6500 ext. 122
                                                                Fax: 201-282-6501
                                                                tsaland@steinsakslegal.com
                                                                *Counsel for Plaintiff*